UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

FREDERICK W. BAUER,

Petitioner,

v.

JANET RENO, FEDERAL BUREAU OF PRISONS, and UNITED STATES PAROLE COMMISSION

Respondents.

CIVIL NO. 00-2680 (JRT/JMM)

REPORT AND RECOMMENDATION

The above matter is before the undersigned upon Petitioner's Motion to Grant Relief [Docket No. 15], Motion for Temporary Restraining Order [Docket No. 19], and Motion for Remedy [Docket No. 28]. The matter is before the undersigned Magistrate Judge for a Report and Recommendation to the District Court pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B).

Upon the following Findings of Fact/Report, it is recommended that Petitioner's Motion to Grant Relief [Docket No. 15], Motion for Temporary Restraining Order [Docket No. 19], and Motion for Remedy [Docket No. 28] be denied.

## FINDINGS OF FACT/REPORT

Petitioner began this action by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2241 [Docket No. 1] on December 11, 2000. As required by 28 U.S.C. §2243, the Court ordered Respondents to show cause why the Writ should not be granted. [Docket No. 5]. Respondents filed a Return in response to the Petition on February 16, 2001. [Docket No. 25].

MAR - 2 2001

Petitioner has made two Motions to the Court seeking an Order granting the relief requested in his Petition. [Docket Nos. 15, 28]. These Motions are not appropriate under the procedural framework set out in §2243 for the resolution of habeas petitions. Having received the Petition and the Return, the Court will take the matter under advisement and determine its proper disposition, without the need for further submissions by the parties. Petitioner's Motions are superfluous, in addition to being outside the framework for the resolution of habeas petitions established by §2243, and should be denied.

Petitioner's Motion for Temporary Restraining Order ("TRO") [Docket No. 19] is the second such motion he has filed in this case. In Petitioner's first Motion for TRO [Docket No. 4], he sought an Order preventing the Bureau of Prisons from destroying certain legal materials. We recommended that Petitioner's Motion be denied. [Docket No. 9].

In Petitioner's second Motion for TRO [Docket No. 19], Petitioner moves for a TRO to be granted without notice to Respondents. A TRO may be granted without notice to the opposing party only if:

> (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

Fed. R. Civ. P. 65(b).

Petitioner has not made the necessary showings to warrant the issuance of a TRO without notice to Respondents. The Court recognizes that Petitioner is acting *pro se*, so certification from his attorney would not have been required. However, in the absence of an attorney, Petitioner would have had to make the mandatory certification.

In deciding motions for injunctive relief where notice to the opposing party has been given, the court weighs (1) the threat of irreparable harm to the moving party; (2) the movant's likelihood of success on the merits; (3) the balance between the harm to the movant if the injunction is denied and the harm to other parties if the injunction is granted; and (4) the public interest. See Bandag, Inc. v. Jack's Tire & Oil, Inc., 190 F.3d 924, 926 (8th Cir. 1999) (citing Dataphase Sys., Inc. v. CL Sys., Inc., 640 F.2d 109, 113 (8th Cir. 1981). The basis of injunctive relief is irreparable harm and the inadequacy of legal remedies. Bandag, 190 F.3d at 926.

The party seeking the injunction has the burden of establishing the factors set out above. Davis v. Francis Howell Sch. Dist., 104 F.3d 204, 205 (8th Cir. 1997). Even if Petitioner had applied for a preliminary injunction with proper notice to Respondents, he has not established that he is threatened with irreparable harm. Petitioner asserts that it will be impossible to maintain the instant habeas action unless he receives: freer access to materials such as legal papers, carbon paper, money, and copying services; access to a word processor; release from prison; an Order requiring "that Respondents take on a mentality of improving the 'system' rather than continually operating off paranoia in looking for ways to subvert the specific language of Rules and the Constitution;" and "an end to the massive fraud under which the BOP operates."

Petitioner has been able to maintain his action in this Court without the relief he seeks. As explained above, all procedural steps have been met, and the Petition has been taken under advisement by the Court. Petitioner has not shown that irreparable harm will result unless Respondents are ordered to do as he asks. In addition, the burden on Respondents if we were to grant the requested relief, particularly Petitioner's requests for changes in BOP policy, would be severe. We recommend that the Motion for TRO be denied.

**RECOMMENDATION**

For the reasons set forth above, it is recommended that Petitioner's Motion to Grant Relief [Docket No. 15], Motion for Temporary Restraining Order [Docket No. 19], and Motion for Remedy [Docket No. 28] be denied.

Dated: March 2, 2001

JOHN M. MASON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before **March 19, 2001** a copy of this Report, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.