UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

FREDERICK W. BAUER,

Petitioner,

v.

JANET RENO, in her capacity as United States Attorney General, FEDERAL BUREAU OF PRISONS, and UNITED STATES PAROLE COMMISSION,

Respondents.

CIVIL NO. 00-2680 (JRT/JMM)

REPORT AND RECOMMENDATION

The above matter is before the undersigned upon a Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket No. 1], and upon Petitioner's Motions to Consolidate Cases [Docket No. 37], and for Documents [Docket No. 38]. Petitioner appears pro se; Friedrich Siekert, Esq., Assistant United States Attorney, appears on behalf of Respondents. The matter was referred to the undersigned by the District Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 (b)(1)(B).

Upon the following Findings of Fact/Report, it is recommended as follows:

1. That the Petition for a Writ of Habeas Corpus [Docket No. 1] be denied, and the Petition be dismissed with prejudice.

2. That Petitioner's Motions to Consolidate Cases [Docket No. 37], and for Documents [Docket No. 38] be denied as moot.

FILED JUN 22 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

## FINDINGS OF FACT/REPORT

### Background

Petitioner is currently incarcerated at the Federal Correctional Institute in Waseca, Minnesota ("FCI-Waseca"). He is serving three concurrently running sentences. On January 30, 1989 Petitioner was sentenced in the Western District of Wisconsin to three years imprisonment for violation of 26 U.S.C. § 7206, Tax Fraud. On April 12, 1990, Petitioner was sentenced by the same court to twenty-five years imprisonment for violation of 21 U.S.C. § 841, Possession with Intent to Distribute a Controlled Substance, for incidents occurring on August 31, 1984. At the same time, Petitioner was sentenced to a thirty year term of imprisonment for a violation of 21 U.S.C. § 846, Conspiracy to Distribute a Controlled Substance, for incidents occurring on December 31, 1988. [Docket No. 26, Decl. Buege, Exs. 1-3]. The two drug sentences were ordered to run concurrently with the term of imprisonment imposed on January 30, 1989 for tax fraud. Petitioner's thirty-year sentence is not subject to parole, although he is scheduled for release on June 9, 2016 before serving the entire thirty years, via Good Conduct Time Release. [Docket No. 26, Decl. Buege, Ex. 1].

Petitioner alleges that he has been denied a parole hearing to which he has been entitled for over eleven years. His Petition seeks a Writ of Habeas Corpus ordering the BOP to unconditionally release Petitioner, or transfer him to "the Western Region," presumably, the Western District of Wisconsin, for a parole hearing before the Parole Commission. Petitioner sets forth a myriad of additional legal and factual allegations in support of his Petition. In essence, they amount to a claim that his conviction for

Conspiracy, for which he received the thirty-year sentence, was unconstitutionally obtained on the grounds that Petitioner was unrepresented by counsel at trial, that the government used informants to infiltrate his defense and used inter-prison transfers to disrupt his trial preparation.

Petitioner also claims that Respondents have denied him access to legal materials, records, paper and stamps and have transferred him to other prisons in retaliation for exercising his legal rights. These are challenges to Petitioner's conditions of confinement, not the legality of his detention, for which habeas relief is not the appropriate remedy. See Cates v. Ciccone, 422 F.2d 926, 927 (8th Cir. 1970)("[i]t is settled law in this circuit that a petition for a writ of habeas corpus is not the appropriate remedy to seek correction of alleged unconstitutional prison discipline").[1]

**I. This Court Lacks Subject Matter Jurisdiction to Review Petitioner's Challenge to his Thirty-Year Sentence for Conspiracy.**

This Court is barred by 28 U.S.C. § 2255 from entertaining Petitioner's habeas petition under 28 U.S.C. § 2241, challenging his conviction and sentence for Conspiracy. The provisions of 28 U.S.C. § 2255 describe the procedure to be followed by a prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States." That statute provides

---

1 Petitioner also prays for the following forms of relief which the Court is unable to grant pursuant to a Habeas Petition under Section 2241: release on signature bond; parole determination by the Court; a hearing on "the bogus 30-year new law sentence"; "meaningful access to the law and courts and unrestricted access to redress, records, information, files, legal materials and remedy"; a hearing on the denial of "meaningful access"; and to compel disclosures of information. See McNally v. Hill, 293 U.S. 131, 136 (1934)(the only judicial relief available in a habeas corpus proceeding is the discharge of the prisoner or his admission to bail).

that "an application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that [the sentencing court] has denied the relief" available on a Motion under § 2255, "unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; see also De Simone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986); Zvonaric v. Mustain, 562 F.2d 570, 571 (8th Cir. 1977). The District Court may therefore consider the Petition in this matter only if it concludes that "the remedy by motion is inadequate or ineffective to test the legality" of Petitioner's detention. See Winston v. Mustain, 562 F.2d 565, 567 (8th Cir. 1977)(holding that the district court lacked jurisdiction to consider the petition for writ of habeas corpus where petitioner had not previously filed a motion to vacate, set aside or correct sentence).

It is the burden of the Petitioner to establish that pursuing remedies under § 2255 would be inadequate or ineffective. See United States v. Lurie, 207 F.3d. 1075, 1078 (8th Cir. 2000); DeSimone, 805 F.2d at 323. The mere fact that one is procedurally barred from proceeding under § 2255 is not a basis upon which it may be claimed that the remedy is ineffective. Lurie, 207 F.3d. at 1077; In re Davenport, 147 F.3d 605, 608 (7th Cir. 1998)(noting that it would nullify § 2255's limitations if a prisoner, prevented from obtaining relief under § 2255, could simply turn to § 2241). The Eighth Circuit provided the following examples of procedural bars that do not render a § 2255 motion inadequate or ineffective.

> [T]he § 2255 motion is not inadequate or ineffective merely because § 2255 relief has already been denied, or because petitioner has been denied permission to file a second or successive § 2255 motion,

> or because a second or successive § 2255 motion has been dismissed, or because petitioner has allowed the one year statute of limitations and/or grace period to expire.

Lurie, 207 F.3d at 1078 (citations omitted). If the claims asserted in a § 2241 petition could have been maintained in a timely § 2255 motion or on direct appeal, then § 2255 is not inadequate or ineffective so as to allow a court to entertain the § 2241 petition. Id.

Petitioner was authorized to apply for relief by motion pursuant to § 2255 before the Western District of Wisconsin, his sentencing court. It is not entirely clear from the record whether Petitioner filed a § 2255 motion to vacate any of his sentences. Petitioner states that he has filed a motion for relief pursuant to 28 U.S.C. § 2255, although he does not specify which sentence he moved to vacate or what was the result of his motion, nor does he attach a copy of any determination on the § 2255 motion. Regardless of whether Petitioner's motion was denied, or never in fact filed, the requirement that he establish inadequacy or ineffectiveness of the remedy remains the same, as neither denial nor failure to timely file constitute inadequacy or ineffectiveness of § 2255. See Lurie, 207 F.3d at 1078.

Petitioner states in his § 2241 form Petition that a remedy by way of § 2255 is inadequate or ineffective to test the legality of his detention because the Western District of Wisconsin "lacked jurisdiction to convict and sentence due to the orchestrated denial of counsel and due process of law." [Docket No. 1, p. 6]. By denial of due process, we presume Petitioner refers to his allegations that his trial preparation was thwarted by inter-prison transfers and the use of informants.

The remedy under § 2255 was not inadequate or ineffective to address Petitioner's claims of denial of counsel and due process. A challenge to a federal

conviction and sentence is most appropriately brought as a motion under 28 U.S.C. § 2255. See United States v. Hayman, 342 U.S. 205, 217 (1952); see e.g., Dyer v. United States, 23 F.3d 1421, 1423 (8th Cir. 1994)(challenge based on violation of Sixth Amendment right to effective counsel was appropriately brought in a timely filed § 2255 motion to vacate sentence). The reasoning behind the requirements of § 2255 was explained in Hayman. The statute expresses the preference of Congress, at the urging of the Judicial Conference of the United States, that issues concerning sentencing be brought in the jurisdiction where the sentencing occurred, (as now required by § 2255) rather than in the jurisdiction where the inmate is located, as required in habeas corpus proceedings under 28 U.S.C. § 2241.[2] Petitioner has not met his burden of proving that a remedy under § 2255 was inadequate or ineffective to test the legality of his thirty-year sentence by the

---

[2] A footnote in that opinion elaborated on the reasoning:

> Most habeas corpus cases raise fact issues involving the trial occurrences or the alleged actions of judges, United States attorneys, marshals or other court officials. Obviously, it involves interruption of judicial duties if the trial judge, the United States attorney, the court clerk or the marshal (one or all of them) are required to attend the habeas corpus hearing as witnesses. Such attendance is sometimes necessary to refute particular testimony which the prisoner may give and, obviously, such attendance is the safest course. This is so because experience has demonstrated that often petitioner will testify to anything he may think useful, however false; and, without the witnesses present to refute such, he is encouraged to do so and may make out a case for discharge from merited punishment. Some realization of the possible extent of this burden on Court officials may be gained from the bare statement that, while convictions occur in all of the Districts throughout the country, federal prisoners are confined in a very small number of penal institutions; and habeas corpus must now be brought in the District where the petitioner is confined.

Hayman, 342 U.S. at 216, n. 25.

Western District of Wisconsin. As such, this Court is without jurisdiction to entertain his habeas petition pursuant to § 2241.

**II. Petitioner is Not Entitled to Habeas Relief for an Alleged Denial of a Parole Hearing.**

Petitioner claims that he is entitled to a parole hearing on his twenty-five and three year sentences, but has continually been denied such a hearing for over eleven years. Title 18 U.S.C. § 4205(a), repealed, provided that inmates shall be eligible for release on parole when they have completed at least one-third of their sentence, or after serving ten years of a life sentence or sentence of more than thirty years. Accordingly, Petitioner became eligible for parole after serving one-third of his three year and twenty-five year sentences.

Petitioner's allegation that he has been unlawfully denied a parole hearing on his three year sentence beginning January 30, 1989 is moot, as the sentence has been fully served. "A case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Los Angeles County v. Davis, 440 U.S. 625, 631 (1979); see also Zaehringer v. Brewer, 635 F.2d 734, 738 (8th Cir. 1980)(habeas petitioner's challenge to a sentence that had been served was moot, as petitioner did not allege any present harm resulting therefrom, and court reviewing habeas petition need not address it). Petitioner's three year sentence has been served, and therefore no longer justifies a parole hearing or release.

Although Petitioner's three and twenty-five year sentences were subject to parole, Petitioner's thirty-year sentence was not subject to parole. Title 18 U.S.C. § 4201, et seq., authorized the release of federal prisoners on parole, but was repealed effective

November 1, 1987. The parole statutes remain in effect for inmates convicted of offenses committed prior to November 1, 1987. The three year and the twenty-five year sentences were imposed for crimes occurring in 1981 and 1984 and are therefore subject to parole. But, Petitioner's thirty-year sentence was imposed for a crime occurring in 1988, after the repeal effective date, and is therefore not subject to parole. Petitioner is not entitled to release from prison until he completes the thirty year sentence, or at the earliest, June 9, 2016 via Good Conduct Time Release. [Docket No. 26, Decl. Buege, Ex. 1]. The thirty-year, non-parolable sentence effectively annuls any possibility of release on parole for the shorter sentences.

As such, Petitioner lacks standing to challenge any alleged denial of a parole hearing, as no actual prejudice results. Pursuant to the concurrent sentence doctrine, as long as a prisoner is being validly confined pursuant to one sentence, any defect in a concurrent sentence would not make the confinement illegal. See Glenn v. Ciccone, 370 F.2d 361, 362 (8th Cir. 1966); see also United States v. Neff, 525 F.2d 361, 363 (8th Cir. 1975)([w]hen a habeas petitioner serving concurrent sentences on multiple counts can challenge only one count, the challenge will not be considered absent a showing of prejudice")(citing Entrekin v. United States, 508 F.2d 1328 (8th Cir. 1974); Benton v. Maryland, 395 U.S. 784, 793 n. 11 (1969)). In Glenn, an inmate was sentenced to two five-year terms for mail fraud. In the interim, the inmate was deemed unfit to stand trial on charges unrelated to his previous convictions, and was ordered committed. The inmate sought a writ of habeas corpus, alleging illegality of the commitment. The Eighth Circuit denied his petition on the grounds that the inmate lacked standing to attack his commitment, reasoning:

> as long as petitioner is being validly confined pursuant to a sentence, any defect in a concurrent § 4246 commitment would not make the confinement illegal. We are not saying that there is any defect in the § 4246 commitment, but only that this question is not reached. Habeas corpus is a remedy directed at illegal confinement. Since petitioner is clearly not entitled to immediate release because of the unserved mail fraud sentence, the District Court correctly reasoned that any questions at this time regarding the § 4246 commitment are moot.

Glenn, 370 F.2d at 362 (citations omitted).

Regardless of the outcome of a parole hearing, Petitioner must complete service of his thirty-year sentence. Since Petitioner is clearly not entitled to immediate release because of thirty-year sentence for Conspiracy, any questions regarding a parole hearing on the twenty-five year sentence are moot. We are not saying that any violation of Petitioner's right to a parole hearing has occurred. In fact there is evidence in the record to the contrary.[3] But, since Petitioner has not demonstrated any prejudice resulting from an alleged denial of a parole hearing, he is not entitled to habeas relief and we need not address the question.

---

3 Petitioner applied for a parole hearing in March 1989 with respect to his three-year sentence, but on May 9, 1989 waived the parole hearing. He applied again in June 1989, but waived the hearing again on June 18, 1989, pursuant to a writ of habeas corpus ad prosecundum to attend trial in the Western District of Wisconsin. Petitioner was then convicted and sentenced on the twenty-five and thirty-year sentences. He applied again for a parole hearing in January and March of 1994, but at that time he had not served one-third of his sentence and was not eligible for parole. Petitioner did not show any further interest in a parole hearing until October, 2000, but did not fill out the appropriate forms at that time. [See Decl. Buege, ¶ 3, Exs. 3 and 4].

**RECOMMENDATION**

For the reasons set forth above, it is recommended as follows:

1. That the Petition for a Writ of Habeas Corpus [Docket No. 1] be denied, and the Petition be dismissed with prejudice.

2. That Petitioner's Motions to Consolidate Cases [Docket No. 37], and for Documents [Docket No. 38] be denied as moot.

Dated: June 22, 2001

JOHN M. MASON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before **July 9, 2001** written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.