**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

FREDERICK W. BAUER, Civil No. 00-2680 (JRT/JMM)

Petitioner,

v.

JANET RENO, FEDERAL BUREAU OF PRISONS, and UNITED STATES PAROLE COMMISSION,

Respondents.

**ORDER**

Frederick W. Bauer, #2706090, Federal Correctional Institution, Box 1500, Waseca, MN 56093-0741, *pro se*.

Friederich A. P. Siekert and Lonnie F. Bryan, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for respondents.

Petitioner initiated this action by filing a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on December 11, 2000. After filing his habeas petition, petitioner twice moved for a temporary restraining order and also made motions to "grant relief" and for "remedy." This matter is now before the Court on petitioner's objections to two separate Report and Recommendations of United States Magistrate Judge John M. Mason, dated December 28, 2000 and March 2, 2001. The Magistrate Judge also issued a Report and

FILED [illegible] 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD. ____
DEPUTY CLERK ____

Recommendation dated June 22, 2001, recommending that petitioner's writ of habeas corpus be denied and that his petition be dismissed with prejudice.[1] Petitioner also moves for an extension of time to object to the June 22, 2001 Report and Recommendation.

The Court has conducted a *de novo* review of petitioner's objections pursuant to 28 U.S.C. § 636(b)(1)(C) and D. Minn. L.R. 72.1(c)(2). For the reasons set forth below, the Court overrules petitioner's objections and adopts the Report and Recommendations of the Magistrate Judge.

**BACKGROUND**

As noted above, petitioner initiated this litigation by filing a habeas petition on December 11, 2000. In that initial application, petitioner asserted that his original conviction had been obtained unconstitutionally and that the Bureau of Prisons had unlawfully refused him access to his legal materials. The Magistrate Judge ordered respondents to show cause why the petition should not be granted pursuant to 28 U.S.C. § 2243. Respondents then filed a response to the petition on February 16, 2001. In the interim, petitioner filed two motions for a temporary restraining order as well as a "motion to grant relief" and a "motion for remedy." The Magistrate Judge recommended that petitioner's motions for temporary restraining orders be denied. He also recommended that petitioner's "motion to grant relief" and "motion for remedy" be

[1] The Magistrate Judge also recommended that petitioner's motion to consolidate cases and for documents be denied as moot.

denied as they were inappropriate under the framework set forth in 28 U.S.C. § 2243. Petitioner has submitted very lengthy objections to each of the recommendations.

**ANALYSIS**

The standard for granting preliminary injunctive relief is outlined in *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109 (8th Cir. 1981). The Court is to weigh four factors in determining whether to grant relief: (1) whether the moving party will suffer irreparable injury absent the injunction; (2) whether the harm to the movant outweighs any potential harm that granting an injunction may cause the nonmoving parties; (3) whether there is a substantial probability that the movant will prevail on the merits; and (4) the public interest. *Id.* at 114; *West Pub. Co. v. Mead Data Cent., Inc.*, 799 F.2d 1219, 1222 (8th Cir. 1996). The plaintiff bears the burden of proof on all four factors. *Gelco Corp. v. Coniston Partners*, 811 F.2d 414, 418 (8th Cir. 1987).

In this case, the Magistrate Judge twice recommended that plaintiff's motions for temporary restraining orders be denied. In petitioner's first motion, he sought an order restraining the Bureau of Prisons from destroying his legal materials. The Magistrate Judge explained that the documents submitted by respondents substantiated that they would not destroy plaintiff's legal documents pending further order by the Court.

In his second motion for preliminary relief, plaintiff sought a temporary restraining order without notice to respondents. Plaintiff alleged that without a temporary restraining order he would be unable to maintain his habeas petition. He sought access to, among other things, legal materials, carbon paper, money, and copy services. The

Magistrate Judge recommended that petitioner's motion be denied as he failed to make the mandatory certification pursuant to Fed. R. Civ. P. 65(b) and further because he failed to demonstrate irreparable harm.

Petitioner has submitted more than fifty pages of objections to the Reports and Recommendations of December 28, 2000 and March 2, 2001. In essence, petitioner reasserts the allegations in his habeas petition, alleging that the policies and practices of the Bureau of Prisons must be changed. In addition, petitioner alleges that the Bureau of Prisons, the FBI, and others, have been engaged in a conspiracy to prevent him from adequately presenting his case. While petitioner has clearly spent significant time and energy preparing his objections, the Court finds no legal basis for granting petitioner's motions for temporary restraining orders. Accordingly, the Court adopts the recommendations of the Magistrate Judge.

Petitioner has not demonstrated, in either motion, the existence of irreparable harm that is necessary for injunctive relief. *Baker Elec. Corp., Inc. v. Chaske*, 28 F.3d 1466, 1473 (8th Cir. 1994) (explaining that plaintiff has the burden of demonstrating as a threshold issue that an injunction is necessary to prevent irreparable harm); *Gelco*, 811 F.2d at 420 (stating that the absence of such a showing alone is sufficient to deny a preliminary injunction). Respondents have acknowledged in submissions to the Magistrate Judge that they would not destroy plaintiff's legal materials. In addition, petitioner has not demonstrated that failure to grant the requested relief has actually prevented him from prosecuting his habeas petition. Indeed, petitioner has submitted numerous letters, pleadings, and documents to the Court in support of his petition.

Moreover, petitioner has not demonstrated a significant likelihood of success on the merits. The Magistrate Judge has already recommended that petitioner's habeas petition be dismissed, indicating that petitioner is not likely to succeed on the merits. Absent a showing of irreparable harm or a likelihood of success on the merits,[2] the Court finds that a temporary restraining order should not be issued in this case. *Shrink Missouri Government PAC v. Adams*, 151 F.3d 763, 763 (8th Cir. 1998) (explaining that likelihood of success on merits is the most important factor in evaluating a motion for preliminary injunctive relief); *Gelco*, 811 F.2d at 420 (stating that the absence of irreparable harm is sufficient to deny a preliminary injunction). Accordingly, plaintiff's objections are overruled and the Reports and Recommendations of the Magistrate Judge are adopted.[3]

With respect to petitioner's motion for an extension of time to object to the June 22, 2001 Report and Recommendations, the Court will give petitioner sixty (60) days from the date of this Order to object. If no objections are filed by that date, the Court will adopt the Report and Recommendations of the Magistrate Judge.

## ORDER

Based on the foregoing, the submissions of the parties, and all of the files, records, and proceedings herein, the Court **OVERRULES** plaintiff's objections [Docket Nos. 21,

---

[2] Petitioner also has not demonstrated that the harm to him outweighs the potential harm to the Bureau of Prisons or that the public interest favors granting a temporary restraining order.

[3] The Court finds no merit in petitioner's objection to the order of the Magistrate Judge permitting respondents an extension of time to respond to the original petition. In addition, the Magistrate Judge was correct in denying plaintiff's motions for "Remedy" and to "Grant Relief" as they are procedurally improper. The petitioner's habeas petition, which provides the basis of any relief or remedy, was taken under advisement by the Magistrate Judge and the merits of the case considered in the July 22, 2001 Report and Recommendation.

22, 36, 39, 42, 43], and **ADOPTS** the Reports and Recommendations of the Magistrate Judge [Docket Nos. 9 & 33]. Accordingly, **IT IS HEREBY ORDERED** that:

1. Petitioner's motion for a temporary restraining order [Docket No. 4] is **DENIED**.

2. Petitioner's second motion for a temporary restraining order [Docket No. 19] is **DENIED**.

3. Petitioner's motion to grant relief [Docket No. 15] is **DENIED**.

4. Petitioner's motion for remedy [Docket No. 28] is **DENIED**.

**IT IS FURTHER HEREBY ORDERED** that:

5. The January 30, 2001 order of the Magistrate Judge [Docket No. 17] is **AFFIRMED.**

6. Petitioner's motion for an extension of time to object to the June 22, 2001 Report and Recommendations [Docket No. 49] is **GRANTED in part**. Petitioner must file any objections to the Report and Recommendations within sixty (60) days of the date of this Order.

DATED: September 25, 2001
at Minneapolis, Minnesota.

John R. Tunheim
JOHN R. TUNHEIM
United States District Judge